IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JIMMIE CARTER SMITH, INDIVIDUALLY
AND IN HIS CAPACITY AS ADMINISTRATOR
OF THE ESTATE OF JIMMIE LEE CARTER
AND NINA WILLIS CARTER, INDIVIDUALLY
AND WIFE AND HEIR AT LAW OF JIMMY LEE
CARTER, DECEASED,                                                PLAINTIFFS,

VS.                                          CIVIL ACTION NO. 2:06CV212-P-A

CANADIAN NATIONAL / ILLINOIS CENTRAL
RAILROAD, A/K/A CANADIAN NATIONAL
RAILROAD, A/K/A ILLINOIS CENTRAL
RAILROAD; JOHN DINNING, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS AN
EMPLOYEE OF ILLINOIS CENTRAL RAILROAD,           DEFENDANTS.

**ORDER**

This matter comes before the court upon Defendants' Motion for Relief from Judgment [34-1]. After due consideration of the motion, the court finds as follows, to-wit:

The court concludes that the decision in *Boone v. Citigroup, Inc.*, 416 F.3d 382 (5th Cir. 2002) does not preclude application of *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) in this case because there is no claim asserted in the complaint against only the non-resident defendant and not the resident defendant. Rather, the defendants' preemption defense equally applies to all of the plaintiffs' claims against all defendants, all of which regard the signalization, inspection, and maintenance of the subject crossing.

The defendant railroad argues in the instant motion that the plaintiffs assert a claim against the railroad individually, and not against the in-state defendant, for negligent operation of the locomotive on the date of the accident. Presumably the defendants are referring to paragraph 20 of

1

the Complaint which states: "That the individuals operating train engine number 1008 M3069130, failed to operate said train properly, failed to blow the horn and/or ring the bell in a timely manner, and failed to operate said train at a safe speed considering the population of the town and the location of railroad-highway grade crossing 300672J on Burrough Street in Glendora, Mississippi." Complaint, ¶ 20.

However, with the exception of paragraph 20 contained in the facts section of the complaint, the entire complaint focuses exclusively on the plaintiffs' allegations that the railroad and the in-state defendant were negligent/grossly negligent in their maintenance of the subject railroad crossing. Although each cause of action – negligence, gross negligence, and vicarious liability (not a cause of action in and of itself) – incorporates paragraph 20 within the allegations of each claim, nothing in paragraph 20 alleges a claim against a particular named defendant. Rather, as stated above, the factual allegation involves "individuals" not the corporate defendants – i.e., Canadian National Railroad or Illinois Central Railroad – nor any of the John Doe defendants I through X which were allegedly involved in the failure to assure the subject crossing was safe. In any event, John Doe defendants cannot be considered for purposes of removal or remand. 28 U.S.C. § 1441(a) ("for purposes of removal under this chapter, the citizenship of a defendant sued under fictitious names shall be disregarded."). Furthermore, each cause of action alleges the essential elements therefor – *i.e.*, duty, breach, causation, damages – and each cause of action focuses exclusively on the condition of the subject crossing, not operation of the train.

While the plaintiffs are under a notice pleading standard, according to Federal Rule 8(a)(2), the complaint needs to assert "a short and plain statement of the claim showing that the pleader is entitled to relief." Nothing in paragraph 20 by itself, or when read with the entire Complaint,

indicates that the plaintiffs are entitled to relief for negligent operation of the train given they do not name a defendant but rather mere "individuals."

In the event the plaintiffs were to amend their complaint in state court to assert a negligent operation claim against a named diverse defendant, the railroad, in theory, could remove again within the one-year time limit. However, the court affirms its prior opinion that after "resolv[ing] any contested issues of fact and legal ambiguities in the plaintiff's favor" *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000), the defendants did not meet their burden in demonstrating that there was no reasonable possibility of recovery against John Dinning individually as discussed in the court's prior Memorandum Opinion.

At the same time, the court is not unaware of the defendant's motion to dismiss John Dinning for failure to serve process upon him. However, since the court concludes that it does not have diversity jurisdiction, it has no jurisdiction to rule upon the motion to dismiss. In the event the state court dismisses Dinning and the complaint is not amended to include another in-state defendant, removal would be, in theory, proper.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion for Relief from Judgment [34-1] is **DENIED**.

**SO ORDERED** this the 29th day of March, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE